### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1315** |
| **ROCKIN D MARINE SERVICES, LLC** | **SECTION: "A" (4)** |

### <u>ORDER</u>

Before the Court is a **Motion for Reconsideration (R. Doc. 68)**, filed by Defendant, Rockin D Marine Services, LLC, ("Rockin D"), seeking reconsideration of the Court's Order denying Rockin D's prior motion to compel Plaintiff, James Thomas, ("Thomas") to attend a psychological examination. The motion is opposed (R. Doc. 76). Oral argument was been requested for January 16, 2013 (R. Doc. 69). However, upon consideration of the merits of the argument, the Court determines that it can hear this motion on the briefs.

### I.   <u>Factual Background</u>

Thomas filed this personal injury lawsuit against Rockin D pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.* (R. Doc. 1, p. 1).[1] Thomas' complaint alleges that he worked as a deckhand and relief engineer on the M/V SEA CECILE, a vessel owned and operated by Rockin D. (R. Doc. 1, pp. 1-2). Thomas alleges that he sustained serious, disabling, and permanent injuries to his spine and extremities when the overboard ladder on the M/V SEA CECILE broke free and fell on top of

---

[1]Thomas does not explicitly cite to a portion of the Jones Act in his Complaint, except that which establishes this court's jurisdiction: 46 U.S.C. § 688. (R. Doc. 1, p. 1).

him.  (R. Doc. 1, p. 2).  He further alleges that his injuries were proximately caused by the negligence of Rockin D, and seeks $5,000,000.00 in damages for past and future pain and suffering, medical expenses, and lost wages, as well as maintenance and cure benefits.  (R. Doc. 1, pp. 2-3).

On December 13, 2012, the Court issued an Order (R. Doc. 61) which denied Rockin D's motion to compel a medical examination of Thomas, because Rockin D had failed to submit evidence of its proposed tests to Thomas prior to the examination, but instead submitted them unilaterally to the Court, apparently for its *in camera* review.  *Id.* at 6-7.[2]

As to the instant motion, Rockin D requests reconsideration of the Court's prior Order because it has now submitted the tests to Thomas for inspection.  The motion is opposed.

## II.    **Standard of Review**

No Federal Rule of Civil Procedure ("Rule") "provide[s] for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment."  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

Reconsideration of judgments under Rule 59(e) is an extraordinary remedy, which should be used sparingly.  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479-480 (5th Cir. 2004).  Specifically, it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Id.* at 478 (citation omitted).  Instead, it "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.* at 479.  "A Rule 59(e) motion should only be granted where there is new evidence that (1) probably changes the outcome of the case; (2) could not have

_____

[2]The Court also denied Rockin D's request for attorney's fees.  *Id.* at 7-8.

been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching." *Molina v. Equistar Chemicals LP*, 261 Fed. App'x 729, 733 (5th Cir. 2008).

Federal Rule of Civil Procedure ("Rule") 35 provides in pertinent part that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Rule 35(a)(1). The court may issue such an order "on motion for good cause *and upon notice to all parties* and the person to be examined" which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id.* at 35(a)(2) (emphasis added).

Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118. A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119.

Rule 26(c) permits a Court to issue a protective order to "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Accordingly, "[t]he decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Cola-Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958). The Court's "broad discretion" includes the ability to require parties to provide more detail about the proposed

Rule 35 examination, or to limit its scope.  *See, e.g.*, *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 623 (D. Kan. 1999).  Although "use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

### III.   Analysis

In support of its motion, Rockin D argues that the Court erred in finding that "good cause" was not shown after it found that Thomas' "physical and psychological conditions are at issue in this matter."  (R. Doc. 68-2, p. 1).  Rockin D submits that it has now provided a list of psychological tests into the record, which is "the same list submitted previously on an in-camera basis."  *Id.* at 3.[3] Thomas has opposed Rockin D's motion on its merits.[4]

The dispute regarding the merits of subjecting Thomas to an independent psychological

---

[3]Rockin D submits a new December 26, 2012 letter from Dr. Christopher Cenac ("Cenac") which states that Thomas has "demonstrated to multiple examiners normal neurological findings, subjective complaints not substantiated by objective physical findings, inconsistent and noncorroborative diagnostic findings, drug seeking behavior and illness behavior . . . ."  (R. Doc. 68-3, p. 1).  Rockin D also argues that "it is appropriate to set the general scope of the evaluation and to allow Dr. Greve to use his professional judgment in the event that different tests should be used based on either the results of other tests or the clinical interviews and evaluations."  (R. Doc. 68-2, p. 3).  However, Rockin D never explains why the letter from Cenac, even if containing "new" information, could not have been produced prior to the date on which the underlying motion was heard.  Indeed, although the letter from Cenac was provided to Rockin D after the Court's Order, the information contained is not new: Rockin D had submitted an examination from Cenac which supported its position in connection with its motion for an Independent Medical Examination.  In the course of its Order the Court cited authority which demonstrated that Rule 35(a) "does not afford a carte blanche right of . . . examination."  (R. Doc. 61, p. 5) (citation omitted).  The Court further stated that, in terms of the testing, "[e]ven if Dr. Greve does not know what tests he will use until after interviewing Thomas he can clearly submit a list of *proposed* tests for evaluation."  (R. Doc. 61, p. 7) (emphasis in original).  Rockin D does not challenge the Court's conclusion.  In its motion for reconsideration, Rockin D provides no authority supporting its argument that the Affidavits submitted by Greve were, at the time, sufficient to establish its entitlement to the same.

[4]In opposition, Thomas argues that Cenac's report lacks credibility because Cenac was hired by Rockin D and is not a psychologist.  (R. Doc. 76, p. 2).  In spite of Cenac's findings, Thomas argues that Dr. Donald Dietze, who originally referred Thomas to Cenac, has authorized surgery for Thomas.  *Id.* at 1.  Further, Thomas has undergone a discogram from a radiologist, Dr. Charles Aprill, who reported that Thomas has, *inter alia*, a "definite left paracentral inferior L4 endplate infraction."  *Id.*  Thomas argues that the motion for reconsideration should be denied because "[t]he objective medical evidence showing the lumbar spine condition of Mr. Thomas far outweigh in significance a psychological attack" by Rockin D and its medical experts.  *Id.* at 3.

examination overlooks the context out of which this motion for "reconsideration" occurs.  In denying Rockin D's motion, the Court noted that Thomas' condition was clearly at issue for purposes of Rule 35(a).  (R. Doc. 61, p. 4).  However, the Court found that upon review of the Rule and the case law interpreting it, Rockin D was obligated to provide sufficient evidence of its proposed testing to Thomas' counsel prior to conducting the examination.  At oral argument, the Court explicitly stated that the affidavits which Rockin D submitted in support of its motion were insufficiently vague to satisfy this condition, and that it would be required to submit a proposed list of tests to Thomas' counsel prior to conducting the proposed examination.  The Court also explicitly stated that only after Thomas had the opportunity to respond would the Court be in a position to rule on the motion.  *See* (R. Doc. 61, p. 5).  Subsequently, Rockin D failed to comply with the Court's Order to submit a list of its proposed tests to opposing counsel; instead, Rockin D unilaterally elected to submit its list of proposed testing to the Court for an "in camera" inspection.  In support of its unilateral action, Rockin D argued "that in order to maintain the validity of the test, the specific tests should not be revealed prior to plaintiff undergoing them."  (R. Docs. 54, 56).[5]  Based on this strategic decision to withhold information, the Court had no basis to make its determination, and denied the motion.

Boiled to its essence, Rockin D's position is that it is entitled to a "do-over" as soon as it elects, at its own convenience, to comply with the Court's explicit instructions - regardless whether the Court had previously acted on the basis of the information and arguments Rockin D chose to rely

---

[5]R. Doc. 54 was Rockin D's motion for leave to file a supplemental memorandum in support its motion for an Independent Psychological Examination; R. Doc. 56 reflects the supplemental memorandum entered into the record after the Court granted leave to file.  According to the Clerk's Office, the motion for leave to file (R. Doc. 54) was filed on November 30, 2012, at 3:17 p.m.  The email submitted to chambers which contained Rockin D's letter and list of tests for "in camera review" was received on November 30, 2012, at 3:29 p.m.  The motion for leave to file was only granted on December 3, 2012.  Therefore, at the time counsel for Rockin D submitted the documents for *in camera* review,  the Court had not permitted Rockin D leave to file the motion supporting its *in camera* position.

on in support of its motion.  The most concise and generalized response to such an argument is that, if tolerated, it would contravene the policy of judicial economy; for purposes of the present motion, the Court finds that Rockin D's position is insufficient to warrant the "extraordinary remedy" of Rule 59(e) relief.  *See Templet*, 367 F.3d at 479-480.[6]

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Rockin D Marine, LLC's, ("Rockin D") **Motion for Reconsideration (R. Doc. 68)** is **DENIED**.

New Orleans, Louisiana, this 16th day of January 2013.

_____

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[6]This is not the first time during this litigation that the Court has been obligated to intervene to resolve the parties' disputes.  *See, e.g.*, (R. Docs. 50, 51).