UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES THOMAS | CIVIL ACTION |
| VERSUS | NO: 12-1315 |
| ROCKIN D MARINE SERVICES, LLC | SECTION: "A" (4) |

### ORDER

Before the Court is a **Motion for Sanctions (R. Doc. 66)**, filed by Plaintiff, James Thomas, ("Thomas") seeking an order from this Court sanctioning Defendant, Rockin D Marine, LLC, ("Rockin D") for its failure to timely respond to a previously propounded discovery request even after the Court ordered it to do so. Thomas also requests attorney's fees and costs related to the motion. The motion is opposed. (R. Doc. 70). The motion was heard by oral argument on January 9, 2013.

### I.    Factual Background

Thomas filed this personal injury lawsuit against Rockin D pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq*. (R. Doc. 1, p. 1).[1] Thomas' complaint alleges that he worked as a deckhand

---

[1] Thomas does not explicitly cite to a portion of the Jones Act in his Complaint, except that which establishes this court's jurisdiction: 46 U.S.C. § 688. (R. Doc. 1, p. 1).

1

and relief engineer on the M/V SEA CECILE, a vessel owned and operated by Rockin D. (R. Doc. 1, pp. 1-2). Thomas alleges that he sustained serious, disabling, and permanent injuries to his spine and extremities when the overboard ladder on the M/V SEA CECILE broke free and fell on top of him. (R. Doc. 1, p. 2). He further alleges that his injuries were proximately caused by the negligence of Rockin D, and seeks $5,000,000.00 in damages for past and future pain and suffering, medical expenses, and lost wages, as well as maintenance and cure benefits. (R. Doc. 1, pp. 2-3).

Previously, Thomas brought a motion to compel (R. Doc. 35) before the Court, which sought, *inter alia*, production of a certain excess insurance policy. The Court, upon hearing the motion, ordered Rockin D from the bench to produce the requested insurance policy. However, Thomas argues that the policy was not produced in its entirety within the time specified in the Court's Order. The motion is opposed.

## II.  Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*,

2

556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at (b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." *Id.* at 37(a)(3)(B). Additionally, "[i]f the motion is granted - or if the . . . requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 37(a)(5)(A). Further, Rule 37 affords the Court discretion to impose sanctions upon a party which fails to supplement a previous discovery request after the Court orders the same by, *inter alia*, awarding attorney's fees to the opposing party. *Id.* at 37(c)(1)(A).

**III.   Analysis**

In support of his motion, Thomas argues that on October 24, 2012, he filed a motion to compel Rockin D to produce certain documents, including all insurance policies possessed by

3

Rockin D which could cover this claim. (R. Doc. 66-1, p. 1). Although Rockin D had provided its primary insurance policy to Thomas, it failed to produce an existent excess insurance policy. *Id.* At oral argument on November 21, 2012, the Court ordered Rockin D to produce the excess policy, and memorialized the Order in a written decision on December 10, 2012, in which it required Rockin D to supplement its discovery responses no later than 7 days after the issuance of the Order. (R. Doc. 60, p. 8). However, by December 21, 2012, Rockin D had failed to produce the entire policy, which necessitated the filing of this motion. (R. Doc. 66-1, p. 1).

Specifically, Thomas argued that although Rockin D had produced a portion of its excess policy, it had failed to produce the "declarations" section of the policy, which contained the policy limits and which was incorporated by reference into the body of the excess policy. *Id.* at 2. Thomas argues that such an obvious failure to comply with both the Federal Rules and the Court's Order warrants both an Order from the Court specifically directing Rockin D to produce the entire policy, as well as an award of sanctions against Rockin D. *Id.*

In opposition, Rockin D argues that although he timely complied with the Court's Order in producing all of the other sections of the policy to Thomas, the "declaration" section was not provided to counsel by the insurance broker, although it has now been delivered to counsel, and subsequently provided to Thomas. (R. Doc. 70, pp. 1-2). Therefore, the motion is moot. *Id.* at 2. Thomas further argues that because the failure to provide the declarations section of the policy was inadvertent, there are no grounds to award sanctions in this case. *Id.* For these reasons, Thomas argues that the motion for sanctions should be denied.

During oral argument, the Court questioned Rockin D's counsel as to why Rockin D had

4

failed to respond. Counsel stated that he did not represent the underwriters or the broker who had issued Rockin D's insurance policy; moreover, as a small business, Rockin D did not have the insurance documents in its own files. Therefore, Rockin D's failure to provide Thomas with the declarations section of the policy was an oversight. The Court then asked counsel why, even if Rockin D did not have the policy readily available and counsel had to obtain the declarations section from a third party, counsel did not simply convey this information to Thomas. Counsel stated that he in fact provided the policy to Thomas on December 27, 2012, and that the delay was attributable to both the holiday season and the volume of his current workload. Counsel also argued that he did recall a heated telephone conversation in which he told counsel for Thomas that he had given him "all I got."

The Court found this explanation was insufficient given that Thomas had originally contacted Rockin D on December 14, 2012, and that it filed a motion to compel on December 21, 2012. Thus, the Court orally granted Thomas' motion, and awarded Thomas fees incurred in bringing the instant motion. The Court herein converts that oral ruling into a written one.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff, James Thomas', ("Thomas") **Motion for Sanctions (R. Doc. 66)** is **GRANTED**.

It is also **GRANTED** as to attorney's fees. Thomas shall file a motion to fix attorney's fees into the record by **Wednesday, February 13**, along with: (1) an affidavit attesting to her attorney's education, background, skills, and experience; (2) sufficient evidence of rates charges in other cases

5

by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2.  Any opposition to the fee application shall be filed no later than **Wednesday, February 20, 2013**, and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 25th day of January 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**