**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1315** |
| **ROCKIN D MARINE SERVICES, LLC** | **SECTION: "A" (4)** |

# ORDER

Before the Court is a **Motion to Compel (R. Doc. 113)**, filed by Defendant, Rockin D Marine Services, LLC, ("Rockin D"), seeking an Order from the Court compelling Plaintiff, James Thomas, ("Thomas") to supplement his interrogatories and requests for production of documents. The motion is opposed, (R. Doc. 122) and Rockin D has filed a Reply (R. Doc. 140). The motion was heard by oral argument on Wednesday, March 27, 2013.

## I. Background

Thomas filed this personal injury lawsuit against Rockin D pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq*. (R. Doc. 1, p. 1).[1] Thomas' complaint alleges that he worked as a deckhand and relief engineer on the M/V SEA CECILE, a vessel owned and operated by Rockin D. (R. Doc. 1, pp. 1-2). Thomas alleges that he sustained serious, disabling, and permanent injuries to his spine

[1]Thomas does not explicitly cite to a portion of the Jones Act in his Complaint, except that which establishes this court's jurisdiction: 46 U.S.C. § 688. (R. Doc. 1, p. 1).

and extremities when the overboard ladder on the M/V SEA CECILE broke free and fell on top of him. (R. Doc. 1, p. 2). He further alleges that his injuries were proximately caused by the negligence of Rockin D, and seeks $5,000,000.00 in damages for past and future pain and suffering, medical expenses, and lost wages, as well as maintenance and cure benefits. (R. Doc. 1, pp. 2-3).

As to the instant motion, Rockin D requests that Thomas supplement his apparently incomplete discovery responses. The motion, which is opposed, does not request attorney's fees.

## II. Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs

its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at (b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Similarly, Rule 33 provides that a party may request *up to 25* written Interrogatories, and a party served with the same must respond within 30 days of service. Rule 33(a)-(b) (emphasis added).

## III. <u>Analysis</u>

In support of its motion, Rockin D argues that sometime during the course of this litigation - Rockin D does not specify *when* in the body of this motion - it propounded Requests for Production and Interrogatories upon Thomas.[2] On August 14, 2012, Thomas answered Rockin D's Requests for Production and Interrogatories. *See* (R. Docs. 113-3, 113-4, 113-5, 113-6).

At oral argument, Rockin D argued that all discovery responses at issue in the instant motion

---

[2]For purposes of the instant motion, the parties do not appear to dispute that Thomas' responses to these discovery requests were timely.

were now moot, with two exceptions: (2) the testimony of Thomas' anticipated witnesses, and (2) an update of Thomas' medical records for any and all activity since January 1, 2013. The Court now analyzes the issues raised in Rockin D's motion.

**A. Expert and Fact Witnesses**

Although Rockin D does not specify the total number of discovery responses at issue in the motion, it does point towards Interrogatories Nos. 3 and 4, which pertain to the expert and fact witnesses which Thomas anticipates calling on at trial, as a potential illustration of Thomas' discovery shortcomings. (R. Doc. 113-2, pp. 1-2). Rockin D argued that Thomas provided "some" answers. *Id.* at 2.

> **INTERROGATORY NO. 3:**
> Please identify each person who you expect to call as an expert witness at the trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify and [provide] a summary of the ground for each opinion.
>
> **ANSWER TO INTERROGATORY NO. 3:**
> At this time Kathleen Falgoust and John Gardner are expected to be called as expert witnesses, along with any medical providers of James Thomas. Falgoust is a vocational rehabilitation counselor who will have opinions consistent with her expertise. Gardner will calculate past and future loss wages of James Thomas. All medical providers shall testify consistent with their reports and to causation and restriction/disability and prognosis.
>
> **INTERROGATORY NO. 4:**
> Please state the names, addresses, telephone numbers, employers and employment positions (at the time of the claimed accident and at present) of all persons you anticipate calling as witnesses at the trial of this matter, and please provide a summary account of the witness' expected testimony.
>
> **ANSWER TO INTERROGATORY NO. 4:**
> Vic: A/B Deckhand, Rockin D Marine, LLC . . .
> Bubba McWilliams: Engineer, Rockin D Marine, LLC . . .

Mark Clark: Captain on Duty, Rockin D Marine, LLC
Don Middlebrooks: Captain off Duty, Rockin D Marine, LLC
All above crew members were employed by defendant.

(R. Doc. 113-3, p. 3).

Rockin D argues that although Thomas has supplemented his disclosures as to the fact witnesses listed in Interrogatory No. 4, virtually all of these witnesses' testimony is summarized as "[a]nticipated testimony unknown at this time." (R. Doc. 113-2, p. 2). Rockin D argues that such "blanket" statements, which cover even crucial fact witnesses such as Thomas and his wife, were made in bad faith. *Id.* Rockin D argues that due to the fact that trial is approximately sixty days away, it is entitled to determine what Thomas' fact witnesses will testify to.[3] Rockin D has attached Thomas' exhibit list at R. Doc. 113-5.

At oral argument, Rockin D argued that the testimony summaries of Thomas' anticipated witnesses remained outstanding, although Thomas had admittedly updated his discovery to include contact information for each witness. In opposition, Thomas argued that it had supplemented its disclosures, although it had no confirmation that such supplementation had occurred beyond the presence of an unsigned letter. Thomas also argued that the case was still evolving, as more material evidence was being produced at depositions in this case.

The Court ordered Thomas to supplement his witness list to include adequate summaries for all witnesses no later than ten days as of the issuance of this Order. The Court indicated that each summary should be at least 1-2 lines in length, with longer entries as appropriate for more important

[3]At oral argument, the parties represented that the presiding U.S. District Judge had since granted a continuance of the matter.

witnesses. The Court also reminded counsel for Thomas of his duty to supplement these disclosures to the degree that other topical areas were revealed. The Court otherwise denies this particular discovery request as moot.

**B. Trial Exhibits - Request for Production No. 19**

Rockin D also argues that Thomas has failed to provide copies of all of the exhibits which he intends to use at the trial. (R. Doc. 113-2, p. 2). Specifically, Rockin D points to its Request for Production No. 19, which requests "[a]ny and all exhibits you intend to introduce (or reasonably anticipate you may introduce) at the trial of this matter." (R. Doc. 113-4, p. 7). In response, Thomas stated, "[s]ee answers to discovery No. 1, 7, and 9. See all attachments hereto, as well." *Id.*

In opposition Thomas argues that he submitted responsive documents to Rockin D on December 18, 2012, as evidenced by a letter. (R. Doc. 122, p. 1).[4] This letter states that it included "a CD containing cell phone recordings between [Thomas] and Mark Detillier, Jr. And cell phone recordings between [Thomas] and Anthony Baldwin. Also enclosed are various text messages between [Thoms] and Mark Detillier, Sr., and between [Thomas] and Mark Detillier, Jr." (R. Doc. 122-1, p. 1). Thomas further argues that he has updated his response to this request, and provided it to Thomas. *Id.* Therefore, he argues that the motion is now moot. *Id.*

In its Reply, Rockin D argues that Thomas' response, even if adequately addressing Request for Production No. 19, fails to address Interrogatories also made part of the motion to compel. (R. Doc. 140, p. 1). Rockin D also argues that Thomas was also required to produce all trial exhibits

[4]The letter from Thomas to Rockin D is dated "December 18, 2013." The Court assumes that the "2013" date represents a typographical error.

and that there has been no supplementation of medical records. *Id.* at 2. Finally, Rockin D argues that the exhibits, which should have been included in Thomas' Rule 26 Initial Disclosures, were only made available to Rockin D on December 18, 2012. *Id.*

The Court notes that Thomas' response to No. 19 - which references "discovery" - is unduly vague and does not specifically object to the discovery which Rockin D sought. Moreover, Thomas does not indicate why its inclusion of "phone recordings" and "text messages" suffice to answer Rockin D's request. Instead, Thomas produces a "Supplemental Answer" to Request No. 19, which states, *inter alia*, "[p]lease refer to any and all documents attached herewith and/or previously sent to counsel for defendant as well as any and all documents produced by any and all parties throughout the course of this litigation." (R. Doc. 122-2, p. 1). However, this "supplemental answer" essentially reiterates the impermissibly vague original response to No. 19.

At oral argument, Rockin D stated that this discovery had been provided and that the motion was now moot, except as it pertained to supplementation of medical records. Rockin D argued that it had received no medical records since January 1, 2013. The Court ordered Thomas to supplement his responses to include complete and relevant medical records since January 1, 2013, and reminded him of his duty to supplement these records on an ongoing basis. The Court now orders Thomas to so supplement his medical records no later than ten days as of the issuance of this Order. The Court otherwise denies this particular discovery request as moot.

**C. <u>Specific Exhibits from Exhibit List - Thomas' Supplemental Answer to No. 19</u>**

Rockin D also argues that "a number of documents, such as Exhibit Nos. 53, 54, 55, 56, 81,

82, 83, 84, 85, 86, and 87," have never been produced in the course of discovery. *Id.* at 2.[5]

In opposition, Thomas' "Supplemental Answer" to Request No. 19 to address its responses to each of the exhibits which Rockin D has specified above. Rockin D stated in its Reply that such information should have been disclosed earlier in the litigation. (R. Doc. 140).

At oral argument, the parties briefly disputed the time at which the responses had been transmitted by Thomas. However, Rockin D stated to the Court that it had now received the items at issue, and that the motion was now moot as it pertained to this request. The Court reminded Thomas of his obligation to supplement discovery as required, and then denied these aspects of the motion as moot.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Rockin D Marine Services, LLC's, ("Rockin D") **Motion to Compel (R. Doc. 113)** is **GRANTED** in part and **DENIED AS MOOT** in part.

It is **GRANTED** as to its request for complete relevant supplemental medical records of Plaintiff, James Thomas, ("Thomas") since January 1, 2013.

---

[5]Exhibit 53 is "Cell phone recordings between [Thomas] and Mark Detillier, Jr." (R. Doc. 113-5, p. 10). Exhibit 54 is "Cell phone recordings between [Thomas] and Anthony Baldwin." *Id*. Thomas argues that these recordings were sent to Rockin D on December 18, 2012. (R. Doc. 122-2, p. 2). Exhibit 55 is "Text messages between [Thomas] and Mark Detillier, Jr." (R. Doc. 113-5, p. 10). Exhibit 56 is "Text messages between [Thomas] and Mark Detillier, Sr." *Id.* Thomas argues that a list of these messages has been "attached" to its "Supplemental Answer." (R. Doc. 122-2, p. 2). To the degree these documents were attached, Thomas failed to include them in the instant motion. Exhibits 81-87 are all "complete employment files" for Captain Mark Clark. Specifically, these are from: "AET Inc. Limited" (Ex. 81); "AET Offshore Services, Inc." (Ex. 82); "SPT Offshore LLC" (Ex. 83); "TRICO MARINE OPERATORS, INC." (Ex. 84); "Kevin Gros Offshore, LLC" (Ex. 85); "Kevin Gros Consulting and Marine Services, Inc." (Ex. 86); and "Blackwater Diving, LLC" (Ex. 87) (R. Doc. 113-5, pp. 11-12). In its "Supplemental Answer," Thomas argues that it has no documents regarding any of these exhibits in its possession. (R. Doc. 122-2, p. 2). However, Thomas argues that it has subpoenaed these records and will forward them to Rockin D once they arrive. *Id.*

It is **GRANTED** as to supplementation of the testimony of all of Thomas' anticipated trial witnesses. Thomas is to supplement his account of each witness' trial testimony as set forth in the body of this Order.

It is **DENIED AS MOOT** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff, James Thomas, ("Thomas") shall supplement his discovery responses as specified at oral argument no later than ten (10) days of the issuance of this Order.

New Orleans, Louisiana, this 2nd day of April 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**