## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMES THOMAS**                                    **CIVIL ACTION**

**VERSUS**                                          **NO: 12-1315**

**ROCKIN D MARINE SERVICES,**                       **SECTION: "A" (4)**
**LLC**

### ORDER

Before the Court is a **Motion to Quash Subpoena to a Non-Party (R. Doc. 148)** filed by

non-party witness, Western Geco, L.L.C., ("Geco"), requesting that the Court quash a subpoena

propounded on it by Plaintiff, James Thomas, ("Thomas") or else allow Geco more time to comply

with the subpoena.  The motion is opposed (R. Doc. 159).  The motion was heard by oral argument

on April 24, 2013.

**I.      Factual Background**

Thomas filed this personal injury lawsuit against Rockin D pursuant to the Jones Act, 46

U.S.C. § 30104, *et seq.*  (R. Doc. 1, p. 1).[1]  Thomas' complaint alleges that he worked as a deckhand

and relief engineer on the M/V SEA CECILE, a vessel owned and operated by Rockin D.  (R. Doc.

1, pp. 1-2).  Thomas alleges that he sustained serious, disabling, and permanent injuries to his spine

---

[1]Thomas does not explicitly cite to a portion of the Jones Act in his Complaint, except that which establishes this court's jurisdiction: 46 U.S.C. § 688.  (R. Doc. 1, p. 1).

and extremities when the overboard ladder on the M/V SEA CECILE broke free and fell on top of

him.  (R. Doc. 1, p. 2).  He further alleges that his injuries were proximately caused by the

negligence of Rockin D, and seeks $5,000,000.00 in damages for past and future pain and suffering,

medical expenses, and lost wages, as well as maintenance and cure benefits.  (R. Doc. 1, pp. 2-3).

Subsequently, Thomas served a Rule 45 subpoena as a "notice of records deposition" to

Geco, requiring to produce any documents regarding the weather conditions on April 3 and 4, 2012

which it had in its possession.  (R. Doc. 148-2).  The subpoena was mailed on March 26, 2013, but

did not reach Geco until April 2, 2013.  The subpoena required Geco to appear with the documents

at Thomas' counsel's offices on April 4, 2013.  *Id.* at 4.  Subsequently, Geco filed this motion,

requesting an Order from the Court either quashing Thomas' subpoena, or allow more time for

compliance.  Geco has also requested that the Court order Thomas to bear the costs of Geco's

compliance with the subpoena.  *See* (R. Doc. 148-1, pp. 3-4).  The motion is opposed.

## II.    Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged

matter that is relevant to any party's claim or defense."  Rule 26(b)(1).  The Rule specifies that

"[r]elevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence."  *Id.*  The discovery rules are accorded

broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.

*Herbert v. Lando*, 441 U.S. 153, 177 (1979).  Nevertheless, discovery does have "ultimate and

necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting

*Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Further, it is well established that "control of

2

discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* At 45(c)(1). A motion for a subpoena must be quashed or modified where, *inter alia*, the subpoena "(i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Rule 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).

III.   **Analysis**

    A.    **Effect of Prior Searches and Apparent Assertion of Privilege**

In support of its motion, Geco argues that it has already produced its "incident investigation report and supporting documents in compliance with this Court's prior order." (R. Doc. 148-1, p. 6). As such, it has already "exhaustively searched its files and has produced what little responsive information it had." *Id.* Geco also argues that Thomas "has not demonstrated that he is entitled to confidential e-mails or documents which may have been prepared in anticipation of litigation." (R. Doc. 148-1, p. 6). Geco does not further specify what documents Thomas has requested regarding weather pattern updates which would fall into this category, and Thomas' opposition does not address either Geco's prior production or its apparent assertion of "privilege."

At oral argument, the parties failed to raise the issues of prior searches, as well as the issue of Geco's apparent assertion of privilege. The Court considers these objections to the discovery as abandoned, and they play no part in the Court's disposition of the motion.

    B.    **Contents of Subpoena**

Thomas' specific discovery requests are as follows:

1.    ANY AND ALL ELECTRONIC RECORDS, FAX RECORDS, EMAILS AND/OR ANY OTHER DOCUMENTS CONCERNING WEATHER CONDITIONS IN THE GULF OF MEXICO FOR APRIL 3, 2012 AND APRIL 4, 2013,[2] RELATING TO THE WORK ACTIVITIES OF THE M/V WESTERN TRIDENT AND/OR THE M/V SEA CECILE.

2.    ANY AND ALL ELECTRONIC RECORDS, FAX RECORDS, EMAILS AND/OR ANY OTHER DOCUMENTS CONCERNING WEATHER CONDITIONS SENT TO M/V SEA CECILE AND/OR ITS CREW BY WESTERN GECO, ON APRIL

---

[2] The reference to "2013" appears to be a typographical error.

3, 2012 AND APRIL 4, 2012.

(R. Doc. 148-2, p. 6).

### 1.     Relevance of TRIDENT Records in Request No. 2

Although Geco does not make any specific arguments as to Request No. 1, as to Request No. 2, Geco argues that production of records concerning the TRIDENT "is not relevant, as Thomas has not demonstrated the relationship of that vessel to the instant case."  (R. Doc. 148-2, p. 5).  In opposition, Thomas argues that during the February 28, 2013 deposition of Captain Clark, it learned that the SEA CECILE was performing seismic work as an "assistant" vessel to the TRIDENT.  (R. Doc. 159, p. 1).  Thomas argues that the TRIDENT "would send, electronically, weather bulletins and forecast to the assist vessels, including the . . . SEA CECILE."  *Id.*  As Clark testified that a sudden "microburst" of adverse weather occurred without warning on the date of Thomas' accident, the bulletins from the TRIDENT are relevant to determine whether any updates were given.  *See id.* at pp. 1-2.

At oral argument, the parties reiterated their arguments.  The Court found that information about the weather which was transmitted from the TRIDENT to the SEA CECILE could lead to the discovery of admissible evidence given the relationship between the ships and the fact that the SEA CECILE apparently received weather transmissions from the TRIDENT.

### 2.     Breadth and Burden of Requests

More generally, Geco argues in support of its motion that the documents requested in requests Nos. 1 and 2 are both overbroad and unduly burdensome, because the request for "any and all" records could be construed as meaning any and all documents in Geco's files.  (R. Doc. 148-1,

p. 5).  In opposition, Thomas argues that the requests are specific as to both the two vessels and dates for which information is sought, and therefore the requests are neither overly broad or unduly burdensome.  (R. Doc. 159, p. 2).

At oral argument, the parties reiterated their arguments, and the Court found that the discovery request, as stated, was overbroad and unduly burdensome.  Thomas then argued that the discovery he was specifically seeking was comprised of any emails or ship logs from April 3 and 4, 2012, which reference the weather in the Gulf of Mexico and which were in Geco's possession, custody, or control.  The Court found these requested modifications sufficiently narrowed the scope of Thomas' requested discovery.  Although Geco re-urged its objections for overbreadth and undue burden, the Court overruled these objections and ordered production of the discovery as modified.

### C.    Timing of Subpoena and Time for Compliance

In support of its motion, Geco argues that although the subpoena in question was transmitted via certified mail on March 26, 2013, it did not reach Geco until April 2, 2013.  (R. Doc. 148-1, p. 2).[3]  Geco argues that Thomas "is aware that . . . Geco is represented by the undersigned counsel and could have easily forwarded a courtesy copy to prevent any delays."  *Id.*  For this reason, Geco argues that even if it is ordered to comply with the subpoena, it should be granted additional time in which to do so.

Thomas does not specifically oppose Geco's characterization of the timing of this subpoena, nor whether he had the capacity to forward a courtesy copy to Geco's counsel.  Instead, he states that

---

[3]In support of its position that it received the subpoena on April 2, 2013, Geco has attached an electronic notice of transmittal to its motion.  (R. Doc. 148-2).  The email, which is dated April 3, 2013, indicates that the "date of receipt" of the subpoena was April 2, 2013.  *Id.*

he was unaware that Geco possessed weather-related records until he took Captain Mark Clark's deposition on February 28, 2013.  (R. Doc. 159, p. 2).  However, Thomas does not address why the request was propounded on Geco almost a month later.

At oral argument, the parties failed to raise this point of contention, and the Court did not order a specific time for compliance.  However, the Court herein orders Geco to respond to Thomas' request no later than fourteen days of the issuance of this Order.

### D.    Costs of Compliance with Subpoena

In support of its motion, Geco argues that Thomas has "needlessly" served the subpoena on Geco even though information about the weather on April 3-4, 2012 could have been easily obtained from meteorology websites on the internet.  (R. Doc. 148-1, p. 3).  Geco argues that instead of seeking the information from a free and available source, Thomas has "chose[n] to increase costs of litigation to an uninterested third party and serve this Subpoena." *Id.*  Geco argues that "[w]hen non-parties are forced to pay the coss of discovery, the requesting party has no incentive to deter it from engaging in fishing expeditions for marginally relevant material." *Id.* at 4.  Therefore, Geco argues that the Court should exercise its broad powers to control the discovery process and impost the costs of compliance with the subpoena on Thomas.

In opposition, Thomas argues that the information sought, in addition to being both relevant and restricted in scope, "is obviously discoverable and would take minimum effort to locate." (R. Doc. 159, p. 2).  As such, the costs of production should not be imposed upon Thomas. *Id.* at 2-3.

Again, the parties failed to raise this issue at oral argument.  The Court found that as the motion to quash was granted in part and denied in part, an award of costs was unwarranted here.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that non-party witness, Western Geco, L.L.C.'s, ("Geco"), **Motion to Quash Subpoena to a Non-Party (R. Doc. 148)** is **GRANTED** in part and **DENIED** in part.

It is **DENIED** in part as to Plaintiff, James Thomas' ("Thomas") Requests Nos. 1 and 2, as modified at oral argument.  Geco shall produce any emails or ship logs from April 3 and 4, 2012, which reference the weather in the Gulf of Mexico and which are in Geco's possession, custody, or control.

It is **DENIED AS WAIVED** as to imposing the costs of Geco's compliance with the subpoena on Thomas,

It is **DENIED AS WAIVED** as to Geco's assertions of privilege.

It is **GRANTED** as to Geco's request for additional time to comply with the subpoena.  Geco shall produce any discovery responses to Thomas no later than fourteen days after the issuance of this Order.

New Orleans, Louisiana, this 25th day of April 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

8