UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1315** |
| **ROCKIN D. MARINE SERVICES, LLC** | **SECTION: "A" (4)** |

### ORDER

Before the Court is a **Motion to Fix Expenses and Attorney's Fees** (**R. Doc. 96**) filed by Plaintiff, James Thomas, ("Thomas") in compliance with the Court's Order (R. Doc. 88), which granted Thomas' Motion for Sanctions (R. Doc. 66). The instant motion is opposed by Defendant, Rockin D Marine Services, LLC, ("Rockin D") (R. Doc. 105). The motion was heard on the briefs on March 13, 2013.

**I.    Background**

Thomas filed this personal injury lawsuit against Rockin D pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq*. (R. Doc. 1, p. 1).[1] Thomas' complaint alleges that he worked as a deckhand and relief engineer on the M/V SEA CECILE, a vessel owned and operated by Rockin D. (R. Doc. 1, pp. 1-2). Thomas alleges that he sustained serious, disabling, and permanent injuries to his spine and extremities when the overboard ladder on the M/V SEA CECILE broke free and fell on top of him. (R. Doc. 1, p. 2). He further alleges that his injuries were proximately caused by the

---

[1]Thomas does not explicitly cite to a portion of the Jones Act in his Complaint, except that which establishes this court's jurisdiction: 46 U.S.C. § 688. (R. Doc. 1, p. 1).

negligence of Rockin D, and seeks $5,000,000.00 in damages for past and future pain and suffering, medical expenses, and lost wages, as well as maintenance and cure benefits. (R. Doc. 1, pp. 2-3).

Previously, Thomas brought a motion to compel before the Court, which sought, *inter alia*, production of a certain excess insurance policy. *See* (R. Doc. 35). The Court, upon hearing the motion, ordered Rockin D from the bench to produce the requested insurance policy, and converted the oral motion into a written Order. *See* (R. Doc. 60). Thomas then brought a motion for sanctions, arguing that the policy had not been produced in its entirety within the time period specified by the Court. (R. Doc. 66). The Court heard oral argument on Thomas' motion for sanctions on January 9, 2013, and granted the motion on January 25, 2013, awarding Thomas his reasonable attorney's fees. (R. Doc. 88). In accordance with the Court's Order, Thomas submitted a motion to fix attorney's fees, which Rockin D has opposed.

## II.   **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] The court can make upward or downward

---

[2]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

### III. Analysis

#### A. Timeliness of Motion

In its opposition, Rockin D argues that the Court's Order required Rockin D to submit its motion for attorney's fees no later than February 13, 2013, but that in fact Thomas submitted it on February 18, 2013. (R. Doc. 105, p. 2). Rockin D argues that because Thomas' motion for attorney's fees was in contravention of the Court's Order, it should be denied. *See id.*

The Court's Order required Thomas to submit a fee application into the record no later than February 13, 2013, and required any opposition to the motion be filed no later than February 20, 2013. (R. Doc. 88, p. 8). On February 18, 2013, five days after the Court's deadline and only two days before Rockin D's answer was due, Thomas filed his motion to fix attorney's fees into the record. (R. Doc. 96). Thomas never sought leave to file the motion after the February 13, 2013 deadline had passed. Instead, Thomas chose to "surprise" Rockin D by filing his motion shortly before its opposition was due. Rockin D subsequently filed an opposition on March 4, 2013, which was also untimely. (R. Doc. 105).

During the pendency of this dispute, the Court has been obligated to reiterate the adversarial truism that when counsel makes a strategic decision not to follow the instructions of the Court, that decision can have deleterious consequences. *See Thomas v. Rockin D Marine Services, LLC*, No. 12-1315A, 2013 WL 173767, at *2-*3 (E.D. La. Jan. 16, 2013). Nevertheless, the Court finds that in this case, because both parties have filed motions fully supporting and opposing the instant

3

motion, it is not inequitable to consider the underlying merits of the same.

### B. Merits of Motion

#### 1. Calculating a Reasonable Hourly Rate

The fee application submitted by Thomas seeks to recover fees for his attorney, Thomas Discon, ("Discon") (rate: $350.00/hr.), as well as a "paralegal fees" of $375.00, for which no individual is listed. Thomas submits two Affidavits in support of Discon's requested rate. These are from Discon (R. Doc. 96-2), as well as Scott Bickford, ("Bickford") (R. Doc. 96-3).

In support of Discon's rate, his Affidavit states that he is a Senior Member of the Discon Law Firm, LLC. (R .Doc. 96-2, p .1). Discon obtained a B.S. from Louisiana State University in 1981, and then a J.D. from Loyola University School of Law in 1984. *Id.* Discon also "attended" a Masters in Admiralty program at Tulane University School of Law. *Id.*[3] Discon states that since 1984 he has specialized in maritime disputes similar to the subject matter of Thomas' dispute. *See id.* Discon provides a list of 23 "reported and unreported maritime cases of Thomas M. Discon." *Id.* at 1-3. Discon also provides a list of 30 "maritime cases recently completed and/or presently pending."[4] *Id.* at 3-5. The vast majority of cases in both lists are federal cases.

The Affidavit which Bickford submitted states that Bickford is an attorney who graduated from Tulane University School of Law, and who has "practiced law in New Orleans for thirty years." (R. Doc. 96-3, p. 1). Bickford states that he has direct knowledge of the billable rates in the New Orleans area; having reviewed Discon's credentials, as well as the billing rates requested,

---

[3]Discon's Affidavit does not state what jurisdictions in which he is admitted to practice law, or when he obtained any such admissions.

[4]Although not clearly stated by Discon, the Court construes "reported and unreported maritime cases of Thomas M. Discon" and the "maritime cases recently completed and/or presently pending" as cases where Discon was involved as an attorney of record.

Bickford finds them to be reasonable. *Id.* at 2.

In opposition, Rockin D argues that the billing rates are not reasonable because fee rates are determined in context; for a discovery motion in a straightforward personal injury matter, a rate of $200.00 per hour is a reasonable fee. (R. Doc. 105, pp. 3-4).

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). Such a request is reasonable if it falls within the "range" of reasonable fees awarded. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Where a rate is not contested, it is *prima facie* reasonable. *Louisiana Power & Light*, 50 F.3d at 328; *Trahan v. Crown Drilling, Inc.*, No. 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M.J.) (finding that attorney's requested rate was reasonable when the rate was not challenged by the opposing party).

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

After reviewing the prevailing market rates for legal services in the greater New Orleans area from the applicable case law, the Court concludes that a rate of $350.00 is a reasonable rate for an attorney of Discon's experience and qualifications. *See Yelton v. PHI, Inc.*, Nos. 09-3144, 09-3475, 09-3551, 09-3459, 09-3814, 09-3496, 09-3847, 09-4197, 09-4182, 09-4350, 10-0008, 10-1328, 2012 WL 3441826, at *3, *6 (E.D. La. Aug. 14, 2012) (Roby, M.J.) (finding that hourly rate of $400.00 was reasonable for attorney with 37 years of practice experience who had tried complex litigation cases in 14 states); *Coves of the Highland Community Development District*, No. 09-7251, 2012 WL 174477, at *2-*3 (E.D. La. Jan. 20, 2012) (Roby, M.J.) (citing cases, and finding that notwithstanding deficiency of affidavit which averred "familiarity" with hourly rates in the New Orleans area, rate of $300.00 per hour was reasonable for attorney with 39 years of experience).

Nevertheless, the Court remains mindful that even for "extremely qualified and seasoned litigators" who might justify a comparable rate, such attorneys "customarily charge their highest rates only for trial work. Lower rates may, and indeed should, be charged for routine work requiring less extraordinary skill and experience." *White v. Imperial Adjustment Corp.*, 2005 WL 1578810, at *8 (E.D. La. June 28, 2005) (finding that a rate of $225 per hour would be the "top range" for routine work performed by such "extremely qualified and seasoned litigators."). Because the fees requested pertained to work on a routine discovery motion in a simple personal injury matter, Discon's flat rate is excessive in context. Instead, the Court awards Discon a rate of $250.00 per hour for his work on the motion. *See, e.g.*, *Wells v. Regency Hospital Co.*, 07-3775, 2008 WL 5273712, at *3 (E.D. La. Dec. 15, 2008) (finding that rate of $200 per hour was reasonable for attorney with 19 years of experience in connection with routine discovery motion).

### 2. Determining the Reasonable Hours Expended

#### a. Reasonableness of Form of Entries

The fee application submitted by Thomas does not provide any billing entries, but instead provides a summary of the time spent in the instant motion. (R. Doc. 96-1, pp. 6-7). These entries list the date of the entry, a description of the activities performed, and the time Discon spent on each activity. *See id.*[5]

In opposition, Rockin D argues that under L.R. 54.2, Thomas was required to produce a "contemporaneous time report reflecting the date, time involved, and nature of the services performed," which the documentation Thomas has filed into court fails to do, as it does not appear to take the form of a "timesheet." (R. Doc. 105m p. 4). Rockin D argues that this failure to supply adequate documentation supplies independent grounds to deny the motion. *Id.*

L.R. 54.2 requires a party seeking an award of fees to provide a "verified, contemporaneous, report reflecting the *date*, *time involved*, and *nature of the services performed*." *Id.* (emphasis added). There is no requirement that the "report" take a specific form, such a timesheet; the Court finds that Discon's "summary," which was "verified" by him by his signature on the document, does describe the three categories of information required by L.R. 54.2. Therefore, as concerns Discon's own entries, Thomas has satisfied his burden of complying with L.R. 54.2.

---

[5] Discon indicates, in his summary, that 30 minutes of "attorney time" was spent discussing this case with Robert Lansden, ("Lansden"), Thomas' other attorney of record in this case. (R. Doc. 96-1, p. 7). Discon also indicates that an unidentified "paralegal," who is not named anywhere in Thomas' motion, spent a total of five hours performing work in connection with the motion. *Id.* at 6-7. Thomas has objected to the addition of paralegal time, due to the fact that the amount of time requested appears duplicative of time Discon himself spent on the motion, which demonstrates a lack of "billing judgment." (R. Doc. 105, pp. 6-7). The Court notes that there has been no documentation from either Lansden or this "paralegal" which would justify that any time they might have "requested" in this motion is compensable; therefore, the Court declines to consider whether any of the thirty minutes of "attorney time" should involve Lansden or whether by virtue of this the "rate" should be lowered. Similarly, the Court declines to determine whether any of the "paralegal time" requested in Thomas' motion is reasonable.

**b.      Reasonableness of Hours Requested**

The fee application submitted by Thomas seeks to recover 6.25 hours of time for his work on the underlying motion for sanctions. (R. Doc. 96-1, pp. 6-7). In opposition, Rockin D argues that the time requested is "excessive." (R. Doc. 105, p. 4). Rockin D argues that there is no indication that Thomas has demonstrated "billing judgment," and suggests that in this absence, the Court can conduct a line-by-line analysis of the billing entries. *Id.* at 5. The Court finds that because there are only five entries in total, but the majority of them appear either appear vague or excessive, a line-by-line analysis of each entry is warranted here.

On December 14, 2012, Thomas claims that Discon spent 0.5 hours of time when he "[r]eviewed Answers to Discovery by Rockin D . . . , in particular the Excess Policy the Court ordered produced. I read the multiple paged policy and noticed the Declarations portion was missing from the Excess Policy." (R. Doc. 96-1, p. 6). The Court notes that the excess policy, which was attached to Thomas' Motion for Sanctions, is 30 pages long. (R. Doc. 66-4). The Court finds that the requested time is reasonable, and awards it in full.

On December 14, 2012, Thomas claims that 0.25 hours of "time" was expended when he "[i]mmediately emailed counsel for Rockin D . . . and advised that if the Declarations portion was not produced, then a Motion for Sanctions would be filed." (R. Doc. 96-1, p. 6). The Court finds that "time" is unduly vague, as it does not indicate that *Discon* sent the email. However, attached to Thomas' Motion for Sanctions is a December 14, 2012 email from Discon to Rockin D's counsel, Robert Reich, which states, "Bob, if you do not furnish me the policy declarations section . . . . I will seek sanctions. You have until today." (R. Doc. 66-5, p. 1). The Court finds that the circumstantial indicia suffice to show that by "time," Thomas meant "Discon's time." However, the amount of the entry is excessive, as the email is little over a line in length. Therefore, the time

requested is reduced from 0.25 hours to 0.10 hours.

On December 20, 2012, Thomas states that Discon spent 1.0 hours "Prepar[ing] Motion for Sanctions." (R. Doc. 96-1, p. 6). The Court finds that the Motion is one paragraph long; the Memorandum in Support of Thomas' Motion for Sanctions contains less than two pages of text; there are only two exhibits attached to the motion. Therefore, the 1.0 hours requested is excessive, and the Court reduces the entry to 0.5 hours.

On January 9, 2013,[6] Thomas claims that Discon spent 1.0 hours "Prepar[ing] for hearing, including reading the opposition memorandum to Rockin D . . . , reading the memo of the complainant, reading all correspondence and organizing said correspondence, reading the Federal Rules pertaining to disclosure and sanctions, and outlining argument for the hearing." (R. Doc. 96-1, p. 6). The Court finds that 1.0 hours is a reasonable amount of time to request for the aggregate tasks requested in this entry, and the Court awards it in full.

On January 9, 2013, Thomas claims that Discon spent 0.5 hours "Discuss[ing] case with referral counsel Robert Lansden." (R. Doc. 96-1, p. 7). Rockin D has objected to this entry on the grounds that it is unclear whether discussions about the "case" pertained to the motion giving rise to the award of attorney's fees. (R. Doc. 105, p. 5). The Court finds that this entry is impermissibly vague, as there are no circumstantial guarantees of the relatedness of the entry to the matters for which the award of fees was granted. Therefore, the Court denies this entry in its entirety.

On January 9, 2013, Thomas claims that Discon spent 3.0 hours of time when he "drove into hearing from Mandeville, attended hearing and argument and drove back to Mandeville." (R. Doc. 96-1, p. 7). Rockin D argues that both the motion for sanctions, as well as an unrelated motion to

---

[6]Although Thomas' three January 9 entries refer to "2012" and not "2013," this is plainly a typographical error.

compel (R. Doc. 53) were argued on January 9, 2013; therefore, charging for all of the travel time, when Thomas had to be in court regardless, is not reasonable. (R. Doc. 105, p. 5).

The Court takes judicial notice of the fact that Mandeville is approximately 35 miles from the federal courthouse; it takes approximately 40 minutes to travel one way between these two points. The Court's minute entry reflects that the parties argued both the motion for sanctions and a motion to compel before the court for a total of 11 minutes; finally, the court notes that on the day the motion was heard, the two motions were called midway through oral argument at 11:56 a.m., 56 minutes after the parties had been ordered to appear that day. Therefore, the total travel time, waiting time, and oral argument for *both* motions was approximately 2.4 hours. The Court finds that because Thomas was obligated to be in court on another motion in the same case, the requested time for this entry should be further reduced to 1.2 hours.

In sum, the Court finds that Thomas is entitled to an award of 3.3 hours of attorney time for Discon's work in connection with the instant motion for sanctions, at a rate of $250.00 per hour, for a total award of $825.00.

    **C.**   **Adjusting the Lodestar**

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court has evaluated the other *Johnson* factors and finds that adjustment of the lodestar is not warranted here  Accordingly, Thomas is entitled to a total award of $825.00.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, James Thomas, ("Thomas") **Motion to Fix Expenses and Attorney's Fees** (**R. Doc. 96**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Thomas is awarded reasonable attorneys fees in the amount of $825.00 against Defendant, Rockin D Marine Services, LLC, ("Rockin D"). Rockin D shall satisfy its obligation to Thomas no later than fourteen (14) days from the issuance of this Order.

New Orleans, Louisiana, this 13th day of May 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**