UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1315** |
| **ROCKIN D MARINE SERVICES, LLC** | **SECTION: "A" (4)** |

## ORDER

Before the Court is a **Motion to Compel (R. Doc. 157)**, filed by Plaintiff, James Thomas, ("Thomas"), seeking an Order from the Court imposing sanctions on Defendant, Rockin D Marine Services, LLC, ("Rockin D") for its counsel's conduct during several depositions in this case. The motion is opposed (R. Doc. 165). The motion was heard on the briefs on May 8, 2013.

### I.     Background

Thomas filed this personal injury lawsuit against Rockin D pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq*. (R. Doc. 1, p. 1).[1] Thomas' complaint alleges that he worked as a deckhand and relief engineer on the M/V SEA CECILE, a vessel owned and operated by Rockin D. (R. Doc. 1, pp. 1-2). He alleges that he sustained serious, disabling, and permanent injuries to his spine and extremities when the overboard ladder on the M/V SEA CECILE broke free and fell on top of him.

---

[1] Thomas does not explicitly cite to a portion of the Jones Act in his Complaint, except that which establishes this court's jurisdiction: 46 U.S.C. § 688. (R. Doc. 1, p. 1).

(R. Doc. 1, p. 2). He further alleges that his injuries were proximately caused by the negligence of Rockin D, and seeks $5,000,000.00 in damages for past and future pain and suffering, medical expenses, and lost wages, as well as maintenance and cure benefits. (R. Doc. 1, pp. 2-3).

On June 28, 2012, the presiding U.S. District Judge entered a Scheduling Order which stated, *inter alia*, that "[t]his case does not involve extensive documentary evidence." (R. Doc. 16, p. 2). The Order further stated that "[a]ll discovery shall be completed not later than April 2, 2013." *Id.* at 1. It further stated that deadlines and cut off dates "may only be extended by the Court upon timely application and upon a showing of good cause. . . . If, however, a continuance is granted, deadlines and cut off dates will be automatically extended." *Id.*

On March 26, 2013, the parties held a status conference with the Court granted Rockin D's motion to continue the pretrial and trial deadlines in this case, so as to allow Thomas to recover from a recent surgery. (R. Doc. 142, p. 1). However, the Court's Order explicitly stated that the existent discovery cut off date would "remain in place." *Id.* At no time did the parties subsequently move for an extension of the discovery deadline.

Several weeks prior to the status conference, on March 1, 2013, Thomas had propounded a Fourth Set of Request for Production of Documents upon Rockin D. (R. Doc. 157-2, p. 2). On April 4, 2013, Rockin D served a response to these requests. (R. Doc. 157-3, p. 5). Thereafter, on April 12, 2013, Thomas filed the instant motion, seeking to compel more complete answers to these discovery requests. Rockin D also seeks an award of reasonable attorney's fees and costs. The motion is opposed.

2

## II.    **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Under Rule 34, a party may propound on any other party a request to produce "any designated documents or electronically stored information . . . stored in any medium from which

3

information can be obtained." *Id.* at 34(a)(1)(A). The party to whom a request has been made must respond or otherwise respond to any such request no later than 30 days "after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the Court." *Id.* at 34(b)(2). Rule 34, like other discovery rules, is also subject to the deadlines set forth in the Court's Rule 16 Scheduling Order. Rule 16(b)(4), which provides that deadlines in such a schedule "may be modified only for good cause and with the judge's consent." Rule 16(b)(4). The Fifth Circuit has "interpreted Rule 16(b)(4)'s 'good cause' standard to require the movant to 'show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 2013 WL 657676, at *5 (5th Cir. Feb. 22, 2013) (quoting *S & W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

### III.  Analysis

In support of his motion, Thomas provides a brief a recitation of the facts. Specifically, he argues that he served his requests for production by U.S. Mail on March 1, 2013, and that these included, *inter alia*, pages of a "notebook" in the possession of Mark Detillier, Jr., ("Detillier"). (R. Doc. 157-1, p. 1). Thomas further argues that on April 4, 2013, Rockin D provided partially redacted pages of Detillier's notebook. (R. Doc. 157-1, p. 2). Thomas argues that Rockin D's counsel was then contacted, but that Rockin D has refused to either produce an unredacted copy of the notebook pages to Thomas, or submit the notebook to the Court for an *in camera* review. *Id.* Rockin D has opposed the motion on its merits, noting that Detillier was deposed on Thursday, February 28, 2013. (R. Doc. 165, p. 1).

The Scheduling Order in this case states that all discovery shall be *completed*" by April 2,

4

2013. (R. Doc. 16, p. 1) (emphasis added). Although that Order provided for automatic an extension of discovery deadlines in the event of a trial continuance, this provision was explicitly revoked in the presiding U.S. District Judge's subsequent March 26, 2013 Order, which stated that the "current . . . discovery cutoff will remain in place." (R. Doc. 142, p. 1). Thomas' motion to compel the instant discovery was filed on April 12, 2013, eight days after Rockin D served its discovery responses, and ten days after the discovery deadline expired. Therefore, Thomas was obligated to show why he had "good cause" to modify the Court's Scheduling Order.

However, the facts relied upon by Thomas, without more, indicate only that he believes that Rockin D has failed to comply with his discovery requests. Thomas never refers to Rule 16, nor to whether he had "good cause" to file the motion outside of the scheduling deadlines after making a diligent attempt to complete discovery within them. Indeed, his memorandum in support of the motion contains approximately one page of text and no legal citations whatsoever. *See* (R. Doc. 157-1).

Nor can the Court somehow "infer" good cause under the facts which have been presented, because the facts show that Thomas created an inherent discovery conflict, which he failed to resolve. Specifically, a party served with a Rule 34 request for production of documents is typically obligated to respond no later than 30 days after service of the same. Rule 34(b)(2). Under Rule 6(a)(1)(A), a period for computing the time period for service of a motion excludes "the day of the event that triggers the period." *Id.* The Court must then "[c]ount every day, including intermediate Saturdays, Sundays, and legal holidays." *Id.* at 6(a)(1)(B). Moreover, when a party serves a discovery request by mail under Rule 5(b)(2)(C), "3 days are added after the period would otherwise

5

expire under Rule 6(a)." Rule 6(d).

Here, the Court notes that Thomas served Rockin D on Friday, March 1, 2013. Excluding this day and adding 30 days from Saturday, March 2, 2013 makes Rockin D's discovery response deadline Monday, April 1, 2013. Because Thomas elected to serve Rockin D via U.S. Mail, he triggered Rule 6(d)'s tolling provision, and three days are added to the period that would "otherwise expire" under Rule 6(a). Therefore, Rockin D's discovery requests were due no later than Thursday, April 4, 2013. April 4, 2013 is after the expiration of the Court's April 2, 2013 discovery cutoff date.[2] Therefore, under the Rules there was no means by which Rockin D could both avail itself of the full time period provided under the Federal Rules, and also comply with the Scheduling Order in this case by serving its responses within the applicable deadlines.

Thomas was on notice at the time took Detillier's deposition on February 28, 2013 that the discovery deadlines were fast approaching, and that if he would need any documents arising out of Detillier's deposition, he would have to act expeditiously in order to obtain them prior to the discovery cutoff date. Thomas acted accordingly, and served his discovery requests upon Rockin D the day after Detillier's deposition. However, in so doing Thomas chose a service method which created a conflict between Rockin D's rights under the Federal Rules, and the parties' compliance with the Court's Scheduling Order. This was an avoidable conflict, because Thomas could have elected to personally serve his discovery requests upon Rockin D under Rule 5(b)(2)(A) or (B), which would not have triggered Rule 6(d)'s 3-day extension. In this case, Rockin D would have

---

[2]Even assuming *arguendo* that plain language of Rule 6(d) can be disregarded and the three-day extension began running on Sunday, March 31, 2013, the same result would be reached in this case because Rockin D's discovery requests would become due no later than April 3, 2013 - one day after the discovery deadline expired.

been obligated to respond to the production request no later than Monday, April 1, 2013 - thereby "completing" discovery prior to the April 2, 2013 cutoff date.

In sum, the Court finds that Thomas has not demonstrated good cause under Rule 16 to modify the Court's Scheduling Order. As such, the instant motion was filed outside of the applicable deadlines.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, James Thomas, ("Thomas") **Motion to Compel (R. Doc. 157)** is **DENIED**.

New Orleans, Louisiana, this 19th day of June 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**