UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES THOMAS | CIVIL ACTION |
| VERSUS | NO: 12-1315 |
| ROCKIN D. MARINE SERVICES, LLC | SECTION: "A" (4) |

### ORDER

Before the Court is **Complainant's Motion to Set Attorney Fees Relating to Record Document 117 (R. Doc. 171)** filed by Plaintiff, James Thomas, ("Thomas") in compliance with the Court's Order (R. Doc. 168), which granted in part Thomas' **Motion for Sanctions for Failing to Produce Statements of Co-Workers (R. Doc. 117)**. The instant motion is opposed by Defendant, Rockin D Marine Services, LLC, ("Rockin D") (R. Doc. 176). The motion was heard on the briefs.

### I.     Background

Thomas filed this personal injury lawsuit against Rockin D pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq*. (R. Doc. 1, p. 1).[1] Thomas' complaint alleges that he worked as a deckhand and relief engineer on the M/V SEA CECILE, a vessel owned and operated by Rockin D. (R. Doc. 1, pp. 1-2). Thomas alleges that he sustained serious, disabling, and permanent injuries to his spine and extremities when the overboard ladder on the M/V SEA CECILE broke free and fell on top of him. (R. Doc. 1, p. 2). He further alleges that his injuries were proximately caused by the negligence of Rockin D, and seeks $5,000,000.00 in damages for past and future pain and suffering, medical

---

[1] Thomas does not explicitly cite to a portion of the Jones Act in his Complaint, except that which establishes this court's jurisdiction: 46 U.S.C. § 688. (R. Doc. 1, p. 1).

expenses, and lost wages, as well as maintenance and cure benefits. (R. Doc. 1, pp. 2-3).

Previously, Thomas brought a motion for sanctions for Rockin D's failure to produce certain statements of co-workers during the litigation. (R. Doc. 117). The Court granted this motion in part and denied it in part, and awarded Thomas sanctions against Rockin D only as to "the attorney's fees arising in connection with the legal research, composition, and filing of [Rockin D's Motion for Sanctions for Failing to Produce Statements of Co-Workers." (R. Doc. 168, p. 34). In reaching the decision limiting the scope of attorney's fees that could be recovered, the Court determined that the content of Thomas' Supplemental Memorandum was not limited to the failure to produce the coworkers' statements but was an attempt to expand the scope of the issue inappropriately. This tactic resulted in not only the Supplemental Memorandum being a inappropriate expansion, but also increased the time spent during oral argument, which focused on a "root cause analysis" report and a vessel monthly safety and environmental inspection.

As such, the Court determined that awarding attorney's fees arising in connection with his defective Supplemental Memorandum was not appropriate. *See* (R. Doc. 168, p. 26 & nn.19, 20) (noting that the Supplemental Memorandum did not attach the several of the discovery requests and responses which formed the basis of the argument raised in the motion).

In accordance with the Court's Order, Thomas submitted a motion to fix attorney's fees, which Rockin D has opposed.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light*

*Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]  The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

### III.   Analysis

#### A.   Calculating a Reasonable Hourly Rate

The fee application submitted by Thomas seeks to recover fees for his attorney, Discon. Thomas submits two Affidavits in support of Discon's requested rate.  These are from Discon (R. Doc. 171-2), as well as Scott Bickford, ("Bickford") (R. Doc. 171-3).  Discon's Affidavit states he has nearly 30 years of processional experience, and has noted that "[t]his Honorable Court has previously ruled in Record Document 169 that an hourly fee of $350 would be reasonable for Thomas Discon and that $250 per hour would be reasonable for motion practice.  The appropriate hourly attorney fee in this matter should be $250 per hour."  (R. Doc. 171-1, p. 7).  Bickford's Affidavit states that he has direct knowledge of the billable rates in the New Orleans area; having reviewed Discon's credentials, as well as the billing rates requested, Bickford finds Discon's requested rates to be reasonable.  (R. Doc. 171-3, p. 2).

In opposition, Rockin D agrees that "[t]he Court has already established $250.00 per hour as the appropriate hourly rate in this matter and Rockin D submits that is now law of the case."  (R. Doc.

---

[2]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-719.

176, p. 2). Here, the parties do not contest that a reasonable rate which arises in connection with a discovery dispute is $250.00 per hour.

### B.     Determining the Reasonable Hours Expended

The fee application submitted by Thomas does not provide any billing entries, but instead provides a summary of the time spent in the instant motion. (R. Doc. 171-1, pp. 6-7). These entries list the date of the entry, a description of the activities performed, and the time Discon spent on each activity. *See id.* Thomas requests a total of 6.75 hours for work on the instant motion, for a total of $1,687.50. *Id.*[3]

In opposition, Rockin D argues that the total time requested by Thomas is excessive. (R. Doc. 176, pp. 2-3). In particular, Rockin D argues that because two motions were to be argued during both hearing dates, "[i]t is inappropriate to award the entirety of two hours for each motion. The Court previously ruled that dividing the time in half where there were two motions is appropriate." *Id.* at 2 (citing R. Doc. 169). Indeed, the Order (R. Doc. 169) which Rockin D cites did note that for purposes of determining an appropriate fee award for matters related to oral argument on a motion, the Court could divide the time requested between a Motion for Sanctions (R. Doc. 66) for which fees had been awarded, and an unrelated Motion to Compel (R. Doc. 53) for which fees were not awarded. (R. Doc. 169, pp. 9-10). The Order concluded that the Court could properly exclude time which counsel had spent arguing the latter motion. *See id.*

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th

---

[3] Elsewhere in Thomas' filing, he requests $2,000 for his work on the Motion. (R. Doc. 171, p. 1). Since $1,647.50 accurately reflects the time entries actually listed on Thomas' billing entries, the Court considers the $2,000 amount to be a typographical error.

Cir.1997); *Walker v. United States Dep't of Housing & Urban Development,* 99 F.3d 761, 770 (5th Cir.1996). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker*, 99 F.3d at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006) (finding that a percentage reduction is simply an "abbreviated way of performing" a line-by-line analysis).

Here, the award of attorney's fees for this motion pertained only to legal "research, composition, and filing of" Thomas' original Motion for Sanctions. (R. Doc. 168, p. 34).[4] It did not specifically include any award for review of the pleadings in preparation for oral argument, or for travel to, and participation in, oral argument of the same.

As to Thomas' Motion for Sanctions, for which fees was awarded, the motion was four pages long; this included approximately three pages of text, which in turn was comprised of argument with no recitation of law or legal analysis beyond a brief recitation of Rule 26. *See* (R. Doc. 117-1). The motion sought to compel production of coworkers' statements which Thomas argued Rockin D had improperly withheld from both its Rule 26(a) initial disclosures, as well as from responses to discovery

---

[4]*Compare* (R. Doc. 88, p. 5) (awarding Thomas attorney's fees "incurred in *bringing* the instant motion," and awarding sanctions in connection with a prior discovery motion without further qualification).

which Thomas had previously propounded upon Rockin D.  *See id.*  Thomas also argued that Rockin D had improperly objected to the discovery on account of privilege.  *See id.*  Thomas also attached to the Motion a copy of his discovery requests, as well as a single case citation.  *See* R. Docs. 117-2, 117-3, 117-4).  The Court finds that awarding 1.25 hours for research, composition, and filing of Thomas' Motion for Sanctions is reasonable, at a rate of $250.00 per hour, for a total award of $312.50.

### C. Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court has evaluated the other *Johnson* factors and finds that adjustment of the lodestar is not warranted here  Accordingly, Thomas is entitled to a total award of $312.50.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Complainant's Motion to Set Attorney Fees Relating to Record Document 117 (R. Doc. 171)** filed by Plaintiff, James Thomas, ("Thomas") is **GRANTED**, and that Thomas' reasonable attorney's fees in the amount of $312.50 shall be paid by Defendant, Rockin D Marine Services, LLC, ("Rockin D") **no later than fourteen (14) days** of the issuance of this Order.

New Orleans, Louisiana, this 5th day of July 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**